GREGORY, Circuit Judge,
dissenting.
Despite being presented with statistical evidence showing that the subjective employment stages in question selected applicants for hire and promotion in a racial pattern different from that of the pool of applicants, this Court has determined that Virginia Anderson failed to state even a prima facie case of disparate impact discrimination. In my view, we have set the bar too high with regard to Title VII disparate impact cases. As a court, we are now on record as not only requiring almost certain causation to demonstrate a prima facie case but also requiring a McDonnell Douglas showing, in effect forcing a disparate impact claimant to show intent. In other words, what was a high jump has now become a pole vault that must be accomplished without a pole.
Regardless of precedential value, it is difficult to see how a potential claimant perusing our jurisprudence in this area would not read this opinion as evincing *395 some disfavor for Title YII disparate impact cases. At every turn the majority opinion took pains to impose upon the disparate impact claimant a standard higher than that required by Title VII jurisprudence. Ultimately, this approach resulted in dismissing a potentially legitimate claim before a trial could be had to discern whether the defendants violated the mandates of Title VII. I fear that this outcome will have the effect of discouraging future Title VII claimants with legitimate claims from proceeding before this Court.
I can only hope that a higher court will remedy the error committed here.